# NO. 12-19-00173-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEFFERY WADE GORDON,* *APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

This appeal is being dismissed for want of jurisdiction. Appellant Jeffery Wade Gordon appeals from a conviction for possession of a controlled substance, enhanced. Under the rules of appellate procedure, the notice of appeal must be filed within thirty days after the sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or within ninety days if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a). Rule 26.3 provides that a motion to extend the time for filing a notice of appeal must be filed within fifteen days after the deadline for filing the notice of appeal. TEX. R. APP. P. 26.3. In this case, sentence was imposed on March 12, 2019 and the notice of appeal was due to be filed no later than April 11, 2019. Thus, a motion for extension of time was due to be filed by April 26. The clerk's record does not indicate that Appellant filed a motion for new trial. Appellant filed his notice of appeal and motion for extension of time to file the notice of appeal on May 10.

"[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." ***State ex rel. Lykos v. Fine***, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). This Court is not authorized to extend the time for perfecting

an appeal except as provided by the Texas Rules of Appellate Procedure.[1]  *See* TEX. R. APP. P. 26.2, 26.3; *see also **Slaton v. State***, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (Rule 2 cannot be used to alter time for perfecting appeal); ***Olivo v. State***, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  In the present case, Appellant's notice of appeal and motion for extension of time to file same are untimely.  Accordingly, we ***dismiss*** Appellant's appeal for ***want of jurisdiction***.  *See* TEX. R. APP. P. 43.2(f).  All pending motions are ***overruled as moot***.

Opinion delivered May 15, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] Only the court of criminal appeals has jurisdiction to grant an out-of-time appeal.  *See **Ater v. Eighth Court of Appeals***, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also **Kossie v. State***, No. 01-16-00738-CR, 2017 WL 631842, at *1-2 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet. h.) (mem. op., not designated for publication) (dismissing for lack of jurisdiction because appellant could not pursue out of time appeal without permission from court of criminal appeals); *see* TEX. CODE CRIM. PROC. ANN. art 11.07 § 3(a) (West 2005).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 15, 2019**

**NO. 12-19-00173-CR**

**JEFFERY WADE GORDON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 369th District Court

of Cherokee County, Texas (Tr.Ct.No. 20946)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*